THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT.
v. DORIS E. FISCHER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 5, 1950—Decided June 23, 1950

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Louis G. Morten* argued the cause for appellant.

*Mr. William P. Gannon* argued the cause for respondent (*Mr. Horace K. Roberson,* Prosecutor of the Pleas).

The opinion of the court was delivered by

COLIE, J. A. D.   The defendant appeals from a judgment of conviction on indictments for a violation of *R. S.* 2:124–10 which makes it a misdemeanor for "any  *  *  *  employee  *  *  *  who shall take or receive any money  *  *  *  of or above the  *  *  *  value of twenty dollars, belonging to his  *  *  *  employer,  *  *  *  with intent to defraud such  *  *  *  employer  *  *  *  thereof, and shall willfully retain and appropriate to his own use such money,  *  *  *  knowing the same to belong to his  *  *  *  employer,  *  *  *."

The proofs disclose that defendant had been employed as an assistant bookkeeper by Snyder Realty Corporation for four years.   Part of her duty was to receive moneys from salesmen who had taken them as deposits on sales or as commissions.   The employer's business practice required the defendant to put moneys so received in an envelope in the safe marked "Realty Co."   Defendant and three other persons had a key to the drawer of the safe where the moneys were put, a fifth key being kept in another drawer of the same safe. Under the system in effect, the defendant made out a receipt in triplicate, one for the salesman, one for the folder involving the particular transaction, the third to be attached to the moneys received from the salesman and placed in the envelope in the safe above referred to.   Defendant's duties also required her to enter the receipts in the cash book and from time to time make up deposit slips and deposit the moneys in the bank.   The employer kept what was known as a deal book and among defendant's duties was that of posting from the cash book, entries of the receipt of moneys in the deal book.   She did not post, as required, the receipt of these moneys in the cash

book but they were entered in the deal books. There was evidence that the defendant usually made out the deposit slips during noon hour when the head bookkeeper was absent, and after depositing the money in the bank, she placed the original receipt in a file compartment. The chief bookkeeper and the auditor did not check the entries in the cash book against the deal books but merely examined the latter to ascertain the moneys received and how much it would be necessary for the employer to pay out to clients and salesmen. The evidence is clear that those who had access to the drawer containing the envelope in which the money was placed and those who knew the combination of the safe denied that they had taken any money. We point out that the defendant did not have the combination. Defendant on the stand refused to recognize that the entries in the deal books involving the missing moneys were in her handwriting, and she also testified that she could not recognize her handwriting on entries in the deal books, cash book or other papers in which it was her duty to make entries as assistant bookkeeper. There is no showing that anyone else had the information to make the entries in the cash and deal books. During the period over which the money was embezzled, it was shown that defendant's spending was wholly out of line with her salary of $34 a week.

The appeal is grounded upon the argument that even though the defendant may have taken the moneys after receipt from the salesman and before placing it in the safe or after taking it from the safe and before deposit, the circumstantial evidence also showed that the moneys could have been taken by the defendant after placing it in the safe and before taking it from the safe to deposit, thus, it is argued, making the crime larceny for which the defendant was not indicted. Defendant asserts that where circumstantial evidence is relied upon by the State, there must be "substantial evidence of facts which exclude every * * * hypothesis but that of guilt." *Yusem v. U. S.*, 8 *F*. 2d 6 (*U. S. C. C. A.* 1925). Under the proofs of this case, the point has no merit. Under the business practice followed by defendant's employer, the moneys were en-

trusted to her. During normal business hours the moneys were in her possession. The fact that the safe was locked each night and that during that period she could not, under the evidence, have taken the moneys is of no avail for there is undisputed evidence from each person who had the combination of the safe that none of them took the moneys. There was no evidence upon which a rational hypothesis of larceny could be predicated. *State v. Acton,* 109 *N. J. L.* 34 (*Sup. Ct.* 1932), has no applicability under the evidence in the instant case. The relation between the defendant and her employer was fiduciary in character within the statute *R. S.* 2:124–10. The defendant had been entrusted with the care of moneys. *State v. Carr,* 118 *N. J. L.* 233 (*E. & A.* 1937).

Judgment affirmed.